# Richmond.

McDonald and Wife v. Hurst, Purnell & Co.

May 8th, 1890.

1. Married women—*Separate estate—Bill—Demurrer.*—Where a bill against husband and wife to subject her separate estate to judgments against them, fails to charge that, at the time she signed the notes whereon the judgments were had, she had separate property, and that she signed them with intent, expressed or implied, to charge it, *held,* a demurrer lies.

2. Commissioner's report—*Exceptions.*—Case at bar presents an instance where the report of the separate property of a married woman was too uncertain for the court to base a decree of sale thereon.

3. Idem—*Cases Distinguished.*—In *Frank & Adler* v. *Lillienfield,* 33 Gratt., 397, the wife did endorse the blank negotiable note intending to charge her separate estate.

Appeal from decree of circuit court of Essex county, rendered September 20, 1888, in a cause wherein Hurst, Purnell & Company were complainants, and (the appellants) J. T. McDonald and S. B. McDonald were defendants. Opinion states the case.

*T. R. B. Wright,* for the appellants.

*Pollard & Sands* and *Thos. Croxton,* for the appellees.

Fauntleroy, J., delivered the opinion of the court.

The facts, as presented by the record, are, that J. T. McDonald, a resident of Essex county, Virginia, was engaged

in mercantile business solely in his own name, and he became, in the course of that business, indebted to the appellees, Hurst, Purnell & Co.; and, in settlement of his said antecedent indebtedness, he made and signed, on or about the 24th of April, 1884, his promissory note or notes for the amount so found to be owing, payable to Hurst, Purnell & Co., which said note Mrs. S. B. McDonald also signed at the request of her husband, J. T. McDonald, and of the appellees, the said Hurst, Purnell & Co. On this obligation so signed, appellees brought an action of debt against J. T. McDonald and his wife, S. B. McDonald, jointly, and recovered thereon, at the March term, 1885, of the circuit court of Essex county, a judgment for $202, with interest from 26th December, 1884, and the costs. On this judgment, execution of *fi. fa.* issued against both J. T. McDonald and his wife and went into the sheriff's hands to be levied, and was returned " no effects." Whereupon appellees, said Hurst, Purnell & Co., filed their bill against the said J. T. McDonald and S. B. McDonald, his wife, in which they set up their said judgment as a lien on all the realty of both J. T. McDonald and S. B. McDonald, his wife, and charged that " S. B. McDonald is the fee-simple owner of considerable real estate, on which they have a lien by reason of their judgment; and the prayer of the bill is, that J. T. McDonald and S. B. McDonald, his wife, be made parties deféndant, " and be required to answer the same fully on oath." And that an account be taken of the real estate of the said defendants, with its annual value and its fee-simple value, and that the court will subject said real estate to the payment of their said judgment. By a decree of 23d September, 1885, the circuit court ordered that one of its commissioners " ascertain and report what property, real and personal, the defendants have, embraced in the deed of trust filed as an exhibit in this cause, and such as is not embraced therein, the value thereof, and the extent and priorities of the liens thereon."

On the 16th of March, 1886, A. Brafman & Son filed their

petition by leave of the court, asking to be made parties plaintiff, and setting up their judgment against the said J. T. McDonald and S. B. McDonald, his wife, recovered in the circuit court of Essex county, for $147 14, with interest, &c., on a promissory note, and praying for relief. On the 8th of September, 1888, the master filed his report, showing numerous judgments against J. T. McDonald alone, and also the judgments of appellees and of Brafman & Son against the appellants. He reports that he can find no real estate of J. T. McDonald; that, from the papers of a chancery cause (in what tribunal is not stated) of Conway, Gordon & Garrett against Burke, "S. B. McDonald owns a one-half interest in the life estate of Mrs. Ann Burke, and one-fifth interest in 305 acres of land on which W. J. Burke resided, said one-fifth worth $225. And that, from the papers of another suit (where not stated) of Haile against Haile's administrator, S. B. McDonald has an interest amounting to one-third of 203 acres, 2 roods and 15 poles, derived from her grandfather, Robert G. Haile." He reports also: "Your commissioner can find no land, on the land-book of Essex county, charged to S. B. McDonald, nor can he find that she has conveyed her interest in either of the aforesaid tracts." To this report appellants excepted, on the ground that the report is too uncertain and indefinite as to the estate of S. B. McDonald for the court to base a decree thereon for the sale of any such vague interest or estate; that there is no separate land or defined interest formerly belonging to the Burkes in which S. B. McDonald has a fee-simple, or any other definite interest, such as may be reached by a decree in this cause; and that it does not appear that S. B. McDonald, a married woman, had any land at the time of the execution of the notes to Hurst, Purnell & Co. The appellants, J. T. McDonald and his wife, S. B. McDonald, filed their joint demurrer and answer. They demurred to the bill for want of equity. They answer, admitting the liability of J. T. McDonald for the debts, evidenced by the notes sued on; but alleging

that S. B. McDonald is a married woman, and was such at the time of the signing of the said notes, and when the judgments were obtained, and that she is entitled to all the rights, privileges and protection afforded to her by the laws of Virginia, especially the "married woman's act." That the promissory notes sued on, and on which the judgments sought to be enforced were obtained, were signed by her at the request of her husband and of Hurst, Purnell & Co., when they adjusted and settled their pre-existing indebtedness, without any intention, whatever, on her part to charge thereby her separate estate—if, indeed, she had any such *at that time*—of which she was wholly ignorant and unconscious. They reserve the right to amend and further to answer, if on the proofs it should be made to appear that she had any such interest or separate estate. The answer alleges that she was not a sole trader, and was not connected or concerned in the contraction of her husband's outstanding indebtedness, and did not sign the notes, which were given in the settlement, as a sole trader or as the owner of any separate estate; and that the consideration of the said notes did not affect in any way or have any reference to her separate estate—if any such she unconsciously had; and repeats the explicit denial of any intent or purpose on her part to charge, expressly or by implication, her separate estate, if any such she ignorantly was entitled to.

The circuit court, by its decree of September 20th, 1888, overruled the demurrer to the bill, and the exceptions to the master's report, and confirmed the report, and decreed the sale by commissioners of the one-third interest of S. B. McDonald in the life estate of Mrs. Ann Burke, and of the one-fifth interest *in remainder* in the 305 acres, and of the undivided one-third interest in the 203 acres, 2 roods and 15 poles, unless J. T. McDonald paid to the plaintiffs their debt in ninety days.

From this decree J. T. McDonald and S. B. McDonald, his wife, obtained this appeal.

We are of opinion that the circuit court erred in overruling

the demurrer to the bill, and in not dismissing the bill. The bill upon its face shows no ground to charge the separate property of Mrs. S. B. McDonald. It does not allege that it was her intention to charge her separate estate; and such an explicit averment is necessary, because no contract of a married woman can charge her separate estate, unless it was intended by her to charge it—expressly or impliedly. It does not charge that S. B. McDonald, a married woman, had any separate property at the time of the contract and the execution of the notes; and that she contracted and executed the notes with reference to it. It does not charge (she not being a sole trader) that her husband joined in the said contract with her and executed the said notes with her during coverture, in reference to her separate estate.

The court erred in overruling the exceptions to the master's report, and in confirming the same—for the reasons given in the exceptions. It does not appear by the record, that Mrs. S. B. McDonald, *at the time* she signed the promissory note or notes sued on, had any sole or separate estate which she could have charged had she so intended; nor does it appear that she did intend, at the time and by the act of signing the notes given by her husband in the settlement of his already contracted indebtedness, thereby to charge any separate estate which she might have; and the general judgments obtained against her husband and herself upon the said notes are not liens on any separate real estate of hers.

The circuit court erred in decreeing the sale. There is not a scintilla of evidence that in April, 1884, when she signed these notes that she had in fact, or even thought that she had, any separate estate, which she could charge; nor is there anything in the record to show when or how she derived the estate or undefined interests reported as belonging to her. Nothing to show what power, if any, she had over them, or what limitations or restrictions on her *jus disponendi* were attached to them. In fact, from her answer, she appears not

to have known, when she signed the notes, that she had any such estate or interest, and to have been in doubt about it even at the date of her answer. It is indispensable—to the purpose of the appellees—that there should have been such separate estate existing in her and subject to her *jus disponendi* when she signed the notes, and that she knew of such separate estate and intended to charge it. There is nothing in the record to show this; while the answer, and even the commissioner's report, repel it. Of the three interests reported as belonging to her she seems not to have had any *seizin* (unless, perhaps, of the one-third interest in the 203 acre tract, and that an undivided and possibly an interest subject to claims on the ancestor's estate "); the other " two were estates in remainder, of which she could have no actual *seizin* (see *Carpenter* v. *Garnett*, 75 Va.), and no definite knowledge of any of it.

But it is in positive proof, conclusively, that Mrs. S. B. McDonald had no intention, in signing these notes, to charge her separate estate; the answer, responsive to the bill, explicitly denies any such intent, either expressed or implied; and it denies that she had at the time any separate estate, or any knowledge or belief that she had any; and this answer, not rebutted by any evidence, or attempt at evidence, is conclusive. The liability of a married woman's separate estate for her engagements depends upon her intention to charge it; and this intention must be made to appear. It may sometimes be implied; and it will be presumed when she makes the note, either as principal or as surety; but the presumption of fact can be repelled, and it is repelled in this case by explicit and uncontradicted denial of the fact, that she, at the time, knew or believed that she had any separate estate.

The first section of chapter 329 (Acts of 1876–7) does not impair the principle, that when a married woman is sued, it must be shown that she intended to charge her separate estate, which she knew she had. The case of *Frank & Adler* v. *Lillienfield*, 33 Gratt., 397, does not apply to this case; for, in that case,

the wife did endorse the blank negotiable note intending to charge her separate estate, and she never recalled the note, nor warned others against it.

The judgment creditors of J. T. McDonald can have no resort to any annual income; for, if any such there be, it is as fully. a part of her separate estate as the *corpus.* Her husband can have but an initiate possibility of an estate by curtesy — if he should have issue, and she should survive the life tenants, and he survive her, and provided, further, that she do not sell during his lifetime. See *Carpenter* v. *Garrett,* 75 Va., 129; *Brown* v. *Bockover.*

The decree complained of is clearly erroneous, so far as it is against the appellant Mrs. S. B. McDonald; and it must be reversed and annulled, and the suit must be dismissed as to her, with costs in her favor.

Decree reversed.